*1374 OPINION.
Love :
The respondent has determined that the stock issued to the petitioner during 1920 was in payment of salary and has included it in income for that year. He has denied the petitioner’s claim for the deduction of traveling and associated expenses because they were incurred and paid prior to the taxable year and because the amounts of such expenditures are alleged to be mere estimates. The petitioner asserts that the stock was issued to him solely in reimbursement of expenditures he had made on behalf of the issuing corporation and in pursuance of an agreement that he would be so reimbursed. We have no evidence upon which to base a finding as to what was in the minds of the directors of the corporation when they issued the stock in question to the petitioner. The evidence, however, justifies the conclusion that petitioner declined to accept any compensation for services rendered, aSd that it was understood by all concerned that he would accept stock in reimbursement of actual cash expenditures made by him in the promotion of the enterprise in question. The *1375 stock was issued without Ms being consulted, as to amouñt or consideration. He accepted it as in part a reimbursement of cash expenditures made by him. In view of the evidence in the case, the conclusion seems amply justified, if not irresistible, that the stock was issued to him, either as a gift, or as partial reimbursement of cash expenditures; in either case it is nontaxable.

Judgment will be entered for the petitioner.